13-2648-cv
Welch v. Havenstein

**MANDATE**

N.Y.S.D. Case #
12-cv-2437(JPO)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of January, two thousand fourteen.

Present:  AMALYA L. KEARSE,
          ROSEMARY S. POOLER,
          REENA RAGGI,
                    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 25, 2014

MONTE WELCH, DERIVATIVELY ON BEHALF OF SAIC, INC.,

*Plaintiff-Appellant*,

EDWARD STELLINI, DERIVATIVELY ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED, STEPHEN ROBACZYNSKI,
DERITIVELY ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY
SITUATED, LOUISIANA MUNICIPAL POLICE EMPLOYEE'S RETIREMENT
SYSTEM, DERIVATIVELY ON BEHALF OF ITSELF, AND ALL OTHERS SIMILARLY
SITUATED,

*Plaintiffs*,

-v-                                                              13-2648-cv

WALTER P. HAVENSTEIN, FRANCE A. CORDOVA, A. THOMAS
YOUNG, JERE A. DRUMMOND, THOMAS F. FRIST, JOHN J. HAMRE,
MIRIAM E. JOHN, ANITA K. JONES, JOHN P. JUMPER, HARRY M.J.
KRAEMER, JR., LAWRENCE C. NUSSDORF, EDWARD J. SANDERSON,
JR., LOUIS A. SIMPSON, MARK W. SOPP, KENNETH C. DAHLBERG,
CARL BELL, GERARD DENAULT, DEBORAH H. ALDERSON, SAIC, INC.,
NOMINAL PARTY,

*Defendants-Appellees.*

MANDATE ISSUED ON 02/25/2014

| | |
|---|---|
| Appearing for Appellant: | Brett D. Stecker (Christopher L. Nelson, Jeffrey J. Ciarlanto, *on the brief*), The Weiser Law Firm, P.C., Berwyn, PA. |
| Appearing for Appellees: | Andrew S. Tulumello (Jason J. Mendro, *on the brief*), Gibson, Dunn & Crutcher LLP, Washington, D.C., *for nominal defendant-appellee SAIC, Inc.* |
| | Mark Filip, P.C., Kirkland & Ellis LLP, Chicago, IL, W. Neil Eggleston, Beth A. Williams, Emily P. Hughes, Kirkland & Ellis LLP, Washington D.C., *for defendants-appellees Walter P. Havenstein, France A. Córdova, A. Thomas Young, Jere A. Drummond, Thomas F. Frist, John J. Hamre, Miriam E. John, Anita K. Jones, John P. Jumper, Harry M.J. Kraemer, Jr., Lawrence C. Nussdorf, Edward J. Sanderson, Jr., and Louis A. Simpson, join the brief of SAIC, Inc.* |
| | Lloyd Winawer, Goodwin Procter LLP, Menlo Park, CA, Mark Holland, Mary K. Dulka, Goodwin Procter LLP, New York, N.Y., *for defendant-appellee Kenneth C. Dahlberg, join the brief of SAIC, Inc.* |
| | Mark H. Tuohey III, Lauren E. Curry, Brown Rudnick LLP, Washington D.C., *for defendant-appellee Deborah H. Alderson, join the brief of SAIC, Inc.* |
| | Eric R. Delinsky, Zuckerman Spaeder LLP, Washington, D.C., *for defendant-appellee Mark W. Sapp, join the brief of SAIC, Inc.* |

Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Derivative plaintiff-appellant Monte Welch appeals from the June 14, 2013 judgment of the District Court for the Southern District of New York (Oetken, *J.*), entered pursuant to the district court's June 10, 2013 order granting nominal defendant-appellee SAIC, Inc.'s motion to dismiss. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Welch argues that the district court was incorrect in determining that Welch had not sufficiently pled the futility of a demand on the board of directors prior to initiating this litigation. Welch principally argues that this is so because, he asserts, his complaint adequately alleges that a majority of the board of directors are insufficiently "disinterested," and as such he could not expect a proper evaluation of his demand. *See Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984) (overruled on other grounds by *Brehm v. Eisner*, 746 A.2d 244, 254 (Del. 2000)). Reasonable doubt of directors' disinterest suffices to make out demand futility under *Aronson*,

2

which challenges "a *decision* of the board of directors." *In re Veeco Instruments, Inc. Sec. Litig.*, 434 F. Supp. 2d 267, 274 (S.D.N.Y. 2006) (emphasis in original). Shareholder derivative suits may also be brought "where the subject of the derivative suit is not a decision of the board." *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993). To establish demand futility in such a case, however, the allegations in the complaint must still "create a reasonable doubt that . . . the board of directors could have properly exercised its independent and distinterested business judgment in responding to a demand." *Id.*

The district court noted as follows:

> Plaintiffs' interpretation of the [c]omplaint attempts to collapse the choice between *Aronson* (designed for board action) and *Rales* (designed for board inaction) into the question whether a [b]oard majority is interested because it faces a substantial likelihood of liability due to its conscious decision to remain inactive. . . . Plaintiffs' proposed inquiry focuses on whether the [b]oard's apparent inaction should be treated as a form of board action.

*In re SAIC Inc. Derivative Litig.*, 948 F. Supp. 2d 366, 379 (S.D.N.Y. 2013). Finding no support for plaintiff's contention that action is to be inferred from interestedness the district court determined that the complaint made out claims that targeted the inaction of the board with respect to its failure to monitor the corporation over the course of the fraud that is at the heart of this suit, and thus implicated *In re Caremark Int'l Inc. Deriviative Litig.*, which held that "a sustained or systematic failure of the board to exercise oversight—such as an utter failure to attempt to assure a reasonable information and reporting system exists—will establish the lack of good faith that is a necessary condition to liability." 698 A.2d 959, 971 (Del. Ch. 1996). Because the complaint makes no particularized allegation that the board took action to approve the fraudulent conduct, we agree. Therefore we affirm the district court's determination that the complaint implicates *Caremark* claims. And as Welch conceded before us and the district court that if the claims are in fact *Caremark* claims, then they must be dismissed, we therefore affirm the district court's grant of SAIC's motion to dismiss as well. Even apart from that concession, we agree with the district court that the so-called "red flags" alleged in the complaint did not "support an inference of actual or constructive knowledge on the part of the [b]oard." *In re SAIC Inc. Derivative Litig.*, 948 F. Supp. 2d at 391. Nor do we see merit in Welch's novel contention that constructive notice should create a presumption of tacit approval. Therefore, the so-called "red flags" did not expose the director defendants to the substantial likelihood of liability that would excuse demand. *See, e.g., In re Baxter Int'l, Inc., S'holders Litig.*, 654 A.2d 1268, 1269 (Del. Ch. 1995).

We have considered Welch's remaining arguments, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit